UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RACHEL HALL and JOHN HALL,    )
                              )
            Plaintiffs        )
                              )
      vs.                     )   CAUSE NO. 3:06-CV-343 RM
                              )
LEONE HALPIN & KONOPINSKI, LLP, )
                              )
            Defendant         )

OPINION and ORDER

In May 2005, the law firm of Leone Halpin & Konopinski, LLP represented Community Wide Federal Credit Union in the credit union's collection action against Rachel and John Hall in the Wabash Circuit Court. The Halls have filed suit in this court alleging that the Leone firm's actions in the Wabash county collection case violated various provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, which protects debtors from certain debt collection practices. This cause now is before the court on the Leone firm's motion for summary judgment. The Halls have filed their opposition to the motion, and for the reasons that follow, the court grants the Leone firm's motion.

FACTS

The facts underlying this action are largely undisputed. In May 2005, the Leone firm filed suit on Community Wide's behalf in the Wabash Circuit Court against the Halls seeking to collect a deficiency balance remaining after default

and the sale of the Halls' financed truck. The Leone firm filed Community Wide's complaint with the Wabash Circuit Court Clerk and requested that the complaint and summons be served on the Halls by the Sheriff of Wabash County. Two documents were attached to the complaint submitted by the Leone firm for filing: a copy of the Retail Installment Contract and Security Agreement, entered into on July 20, 2004 between Rachel Hall (who at that time was known as Rachel Penrod) and John Hall, as Buyers, and The Car Company,[1] as Seller, for the purchase of a 2000 Dodge Truck, and a document entitled "Fair Debt Collection Practices Act Disclosures" ("the Disclosure Notice").

The Case Summary from the Wabash Circuit Court shows service on the Halls on June 1 by the Sheriff of Wabash County. The Halls report that they received the summons forms, but didn't receive the complaint or the Disclosure Notice, even though, when filed, the Disclosure Notice was attached to the complaint. On June 7, Rachel Hall contacted the Wabash Circuit Court Clerk's office to advise of a new mailing address. The Clerk then mailed a copy of the complaint to the Halls' new address, but didn't forward a copy of the Disclosure Notice to them. The Halls first received a copy of the Disclosure Notice after filing their complaint in this court.

---

[1] The Retail Installment Contract and Security Agreement contains The Car Company's assignment of "all its rights, title and interest . . . and any guarantee executed in connection with [the] Contract" to Community Wide and gives Community Wide the power "to take all legal or other actions which [The Car Company] could have taken under [the] Contract."

2

Community Wide alleged in its state court complaint that the Halls owed "the sum of $7,376.50 in principal and $1,883.97 in interest through May 23, 2005, accruing at 17.9% per annum, plus attorney fees;" claimed entitlement to a reasonable attorney fee in the amount of $1,900.00; and sought judgment against the Halls in the total amount of $11,160.47, plus costs and all other proper relief. The Leone firm didn't have any communication with the Halls within five days after filing Community Wide's complaint and the Disclosure Notice.

The Halls filed their complaint in this court on May 30, 2006, and their amended complaint in September, alleging that the Leone firm violated the FDCPA in its attempt to collect the debt owed to Community Wide. According to the Halls, the Leone firm didn't comply with the notice requirements of 15 U.S.C. § 1692g, engaged in "overshadowing" in violation of 15 U.S.C. § 1692e, and violated 15 U.S.C. §§ 1692e and 1692f by requesting attorneys' fees in an amount the firm had not earned. The Halls seek a declaratory judgment that the firm's conduct violated the FDCPA, actual and statutory damages, attorney fees, and costs.

SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In deciding whether a genuine issue of material fact exists, "the evidence of the non-movant

3

is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). No genuine issue of material fact exists when a rational trier of fact could not find for the nonmoving party even when the record as a whole is viewed in the light most favorable to the nonmoving party. Ritchie v. Glidden Co., 242 F.3d 713, 720 (7th Cir. 2001). "The mere existence of an alleged factual dispute will not defeat a summary judgment motion; instead, the nonmovant must present definite, competent evidence in rebuttal." Butts v. Aurora Health Care, Inc., 387 F.3d 921, 924 (7th Cir. 2004). The party with the burden of proof on an issue must show that there is enough evidence to support a jury verdict in his favor. Lawrence v. Kenosha County, 391 F.3d 837, 842 (7th Cir. 2004); *see also* Johnson v. Cambridge Indus., Inc., 325 F.3d 892, 901 (7th Cir. 2003) ("As we have said before, summary judgment 'is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events.'" *(quoting* Schacht v. Wisconsin Dep't of Corr., 175 F.3d 497, 504 (7th Cir. 1999)).

## DISCUSSION

The court must first determine whether the Leone firm is a debt collector for FDCPA purposes. Pursuant to the FDCPA, a "debt collector" is any person who regularly collects or attempts to collect, directly or indirectly, debts owed or due to asserted to be owed or due another, 15 U.S.C. § 1692a, including attorneys who "regularly" engage in consumer debt-collection activity, even when that activity

4

consists of litigation. <u>Heintz v. Jenkins</u>, 514 U.S. 291 (1995). The Halls allege in their amended complaint that the Leone firm "is a law firm attempting to collect debts in this state," "regularly attempts to collect debts alleged to be due another," "is engaged in collection of debts from consumers," and "is a debt collector as defined by the FDCPA." Amd. Compl., ¶¶ 5-8. The Leone firm admitted each of those allegations in its answer to the Halls' amended complaint. The Halls also submitted copies of a number of collection cases the Leone firm filed in various Indiana state courts. Resp., Exh. F. The only reasonable conclusion that can be drawn from the record is that Leone Halpin & Konopinski qualifies as a debt collector under the FDCPA.

*(A)  Violation of 15 U.S.C. § 1692g*
*[Insufficient Notice and "Overshadowing"]*

The Halls' first claim is that the Leone firm provided them with insufficient notice of the amount owed in violation of 15 U.S.C. § 1692g. Under that section, a debt collector must, within five days of an initial communication with a debtor, "unless the . . . information is contained in the initial communication or the consumer has paid the debt, send to the consumer a written notice containing the amount of the debt." 15 U.S.C. § 1692g(a)(1). According to the Halls, the state court complaint and the Disclosure Notice, filed on the same day, indicate different amounts to be due and owing. The Halls maintain the Leone firm violated

5

the requirements of the statute when it filed documents that didn't state the amount of the alleged debt.

The Disclosure Notice states in paragraph 1: "As of May 23, 2005, you owe $9,260.47. Because of interest, late charges, attorney fees and other charges that vary from day to day, the amount due on the day you pay may be greater." The "Complaint on Account" filed in the Wabash Circuit Court states in paragraph 3 that the Halls "have defaulted under the terms of such Agreement and are now liable to [Community Wide] in the sum of $7,376.50 principal, plus interest of $1,883.97 through May 23, 2005, accruing at 17.9% per annum, plus attorney fees." Even though the complaint further requests attorney fees in the amount of $1,900.00, the Disclosure Notice and complaint don't differ on the amount of the debt owed under the terms of the Agreement: the Disclosure Notice seeks $9,260.47 as of May 23, 2005 and makes clear that interest and attorney fees may be added at the time of the final payment; the complaint seeks $9,260.47 [$7,376.50 principal + $1,883.97 interest] as of May 23, 2005 and makes clear that interest and attorney fees may be added at the time of final judgment. The Halls' claim that the two documents indicate different amounts to be due and owing is without merit.

The Halls also claim that the defendant's filing of the Disclosure Notice along with the state court complaint violates 15 U.S.C. § 1692g, which provides that a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." According

6

to the Halls, the combination of the response periods contained in the state court summons and the Disclosure Notice amounts to a false statement and the filing of the two documents on the same date is "overshadowing" in violation of the FDCPA.

The Summons provides for period of twenty days to answer the complaint ("You must answer the complaint in writing . . . within twenty (20) days commencing the day you receive this summons . . . or judgment will be entered against you for what the plaintiff has demanded."), and the Disclosure Notice provides a period of thirty days to dispute the validity of the debt ("Unless, within 30 days after receipt of this notice, you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Leone Halpin & Konopinski, LLP. If you notify us within the 30 day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt and a copy will be mailed to you."). The Halls say that by filing the summons and the Disclosure Notice together, the Leone firm provided them with "a literally false statement." Resp., at 9. The court can't agree.

The Halls were notified, via the state court summons, that they had twenty days to file a written answer to the complaint in the Wabash Circuit Court; they were notified, via the Disclosure Notice, that they had thirty days to dispute the debt by contacting the Leone firm. Neither statement is false, and when read together, the statements don't amount to a false statement. Even under an unsophisticated consumer standard, *see* Gammon v. GC Servs. Ltd. Partnership,

27 F.3d 1254, 1257 (7th Cir. 1994) (stating that such a standard "protects the consumer who is uninformed, naive, or trusting, yet it admits an objective element of reasonableness")), a careful reading of the summons and the notice would convey that the documents clearly state two time periods on "separate tracks, i.e., the court's requirements and federal rights under the FDCPA." Federal Home Loan Mortgage Corp. v. Lamar, 503 F.3d 504, 511 (6th Cir. 2007); *see also* Sims v. GC Servs. L.P., 445 F.3d 959, 963 (7th Cir. 2006) ("The unsophisticated debtor is regarded as 'uninformed, naive, or trusting,' but nonetheless is considered to have a 'rudimentary knowledge about the financial world and is 'capable of making basic logical deductions and inferences'" (*quoting* Fields v. Wilber Law Firm, P.C., 383 F.3d 562, 564 (7th Cir. 2004)); Pettit v. Retrieval Masters Creditor Bureau, Inc., 211 F.3d 1057, 1061 (7th Cir. 2000) ("While it's true that upon cursory review this or any other collection letter could be misread, . . . even an unsophisticated debtor reads collection letters carefully so as to be sure of their content.").

The Halls further claim that because the complaint and the Disclosure Notice were filed on the same date, the documents "overshadow" each other and, thus, violate the FDCPA. Because the statements contained in those documents aren't literally false, the Halls have the burden of demonstrating that the documents may be confusing or misleading to the unsophisticated debtor under the standard established in Gammon v. GC Servs., 27 F.3d at 1257 (adopting the term "unsophisticated . . . to describe the hypothetical consumer whose

8

reasonable perceptions will be used to determine if collection messages are deceptive or misleading"). Under that standard, a statement will not be confusing or misleading unless a significant fraction of the population would be similarly misled. Pettit v. Retrieval Masters Creditors Bureau, Inc., 211 F.3d at 1060. The Halls haven't offered any evidence of confusion and so haven't created a genuine issue as to whether a significant fraction of the population would have been mislead. *See* Durkin v. Equifax Check Servs., Inc., 406 F.3d 410, 415 (7th Cir. 2005) ("when the letter itself does not plainly reveal that it would be confusing to a significant fraction of the population, the plaintiff must come forward with evidence beyond the letter and beyond his own self-serving assertions that the letter is confusing in order to create a genuine issue of material fact for trial").

The Halls assert that the Leone firm "could have sent a separate Notice prior to suit," Resp., at 9, but they haven't argued, or provided support for a finding, that sending notice prior to filing suit is required. The FDCPA doesn't prohibit the filing of a legal action by a debt collector at any time after the debt has been declared delinquent. *See* Weinstein v. Fink, No. 99C7222, 2001 WL 185194, at *8 (N.D. Ill. Feb. 26, 2001) ("The FDCPA does not prohibit the filing of a legal action by a debt collector against a consumer at any time after the debt has been declared delinquent. . . . [and] no court has held that the actual filing of a suit overshadows or contradicts the validation notice."). The Halls note that the Disclosure Notice didn't include language from Thompson v. Law Firm of Simpson & Cybak, 392 F.3d 914 (7th Cir. 2004), but that language isn't mandatory: the

9

Thompson court specifically stated, "[W]e think it helpful to suggest explanatory language for debt collectors to use." 392 F.3d at 919; *see also* Bartlett v. Heibl, 128 F.3d 497, 501 (7th Cir. 1997) (proposing language "to provide some guidance" on how to comply with the FDCPA).

None of the documents sent to the Halls misrepresent or misstate that the time for disputing the debt has passed; the documents don't misrepresent or cloud the amount of time remaining to contest the lawsuit or to challenge the debt; in fact, the summons and complaint and the Disclosure Notice inform the Halls "of the possible negative consequences" of failing to take action. Durkin v. Equifax Check Servs., 406 F.3d at 417-418. The Halls haven't established that the challenged documents contained any false statements, and they haven't produced any evidence of confusion. The Leone firm is entitled to summary judgment on their claim under 15 U.S.C. § 1692g.

### (B) Violation of 15 U.S.C. §§ 1692e and 1692f
### [Attorney Fee Request in Collection Action]

The Halls claim the Leone firm violated 15 U.S.C. §§ 1692e and 1692f by trying to collect attorneys' fees in the state court complaint. According to the Halls, the $1,900 fee sought by the Leone firm overstates the amount of time the firm spent on the state court action. The Halls say that while the Retail Installment Contract provides for the payment of attorney fees and collection costs if they default, they never agreed to pay an attorney fee contingent upon the

10

amount of the judgment sought. They also argue that the fee schedule of the St. Joseph Circuit Court, relied on by the Leone firm, "is not promulgated by the Indiana Supreme Court . . . and should be considered void as a matter of public policy."

15 U.S.C. § 1692e prohibits a debt collector from engaging in any "false, deceptive or misleading" collection activities and, specifically, from making a "false representation" of "the character, amount, or legal status of any debt, or any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. § 1692e(2)(A) & (B). Further, a debt collector may not "use unfair or unconscionable means to collect or attempt to collect any debt" by the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

The Leone firm responds with the affidavit of Charles Leone, a partner with the law firm whose offices are located in St. Joseph County, Indiana. Mr. Leone explains that because the Wabash Circuit Court has no approved attorney fee schedule, the firm relied on the St. Joseph Circuit Court Attorney Fee Schedule as a guideline for the amount of fees requested from the Halls. Leone Aff., ¶¶ 14-17. The Attorney Fee Guideline sets forth a schedule of fees "that the [St. Joseph Circuit] Court has found to be reasonable in routine collection or foreclosure actions in the past," and advises that because "the determination of the

11

reasonableness of a fee must be decided based on the unique facts and circumstances of each case, this Guideline is not intended to be mandatory or controlling in all cases." Leone Aff., Exh. 12. Mr. Leone says the firm relies on the Attorney Fee Schedule in routine collection actions, and they believed the Wabash Circuit Court action was a routine collection action. Leone Aff., ¶¶ 15, 17.

The Retail Installment Contract and Security Agreement signed by Rachel (Penrod) Hall and John Hall provides that in the event of a default, they agree "to pay [Community Wide's] costs for collecting amounts owing, including, without limitation, court costs, attorneys' fees (for attorneys who are not [Community Wide's] salaried employees), and fees for repossession, repair, storage and sale of the property securing this Contract all without relief from valuation and appraisement laws." The Disclosure Notice states that interest and attorney fees may be added at the time of final judgment, and the state court complaint requests that the firm be awarded attorney fees in a specific amount. "[W]hen a debtor contractually agreed to pay attorneys' fees and collection costs, a debt collector may, without a court's permission, state those fees and costs and include that amount in the dunning letter. Doing so does not violate the FDCPA." Fields v. Wilber Law Firm, P.C., 383 F.3d 562, 565 (7th Cir. 2004). In fact, failing to quantify an amount of fees could be construed as falsely stating the amount of the debt. Id.

The dunning letter at issue in Fields and the Wabash Circuit Court complaint here at issue aren't materially different. The Leone firm's seeking

12

recovery of $1,900.00 as "a reasonable attorney fee" doesn't violate the FDCPA. *See* Singer v. Pierce & Assoc., P.C., 383 F.3d 596, 598 (7th Cir. 2004) ("Saxon segregated the attorneys' fees from the underlying debt in an itemized list of expenses, thus avoiding a § 1692e or § 1692f violation"); Bull v. Asset Acceptance, LLC, 444 F. Supp.2d 946, 951 (N.D. Ind. 2006) ("The Defendants have not violated the FDCPA by inserting an amount of attorneys' fees in the Collection Complaint after Bull agreed to pay reasonable attorneys' fees in the event of default."); Rosado v. Taylor, 324 F. Supp.2d 917, 926 (N.D. Ind. 2004) ("The complaint's solicitation of attorney's fees does not bring it within the [FDCPA's] orbit."). While the Halls may disagree with the amount of fees sought and dispute the firm's reliance on the St. Joseph Circuit Court Attorney Fee Guideline, their remedy is not under the FDCPA, but in the action in the Wabash Circuit Court. *See* Fields v. Wilber Law Firm, 383 F.3d at 565 ("Here, based on a written, signed contract, Wilbur attempted to collect an undisputed debt amount, an undisputed amount in interest, and an amount in attorneys' fees (incurred in the initiation of Wilber's collection attempts), disputed for its reasonableness only. . . . To collect attorneys' fees from Fields, Wilber necessarily had to specify an amount that it intended to charge (or had already charged) for its services. Fields, of course, could negotiate [payment of attorney fees] or contest the reasonableness of the fees through a lawsuit."). The request for attorney fees in the Wabash Circuit Court action doesn't violate 15 U.S.C. § 1692e or § 1692f, and the Leone firm is entitled to summary judgment on the Halls' claims under those statutory provisions.

*(C) Defense under 15 U.S.C. § 1652k(c)*

Because the Leone firm's actions in its attempt to collect a debt owed by the Halls to Community Wide didn't violate the FDCPA, the court need not address the firm's argument that it qualifies for a bona fide error defense.

CONCLUSION

Based on the foregoing, the court GRANTS the defendant's summary judgment motion [docket # 17]. The clerk is directed to enter judgment accordingly.

SO ORDERED.

ENTERED:   February 28, 2008


/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court